STATE of Tennessee, Appellee,

v.

Lonnie Kyle HALL, Appellant.

Court of Criminal Appeals of Tennessee, Knoxville.

Feb. 4, 1982.

Permission to Appeal Denied by Supreme Court May 10, 1982.

Larry R. Dillow, Kingsport, Robert Chad Newton, Bristol, for appellant.

William M. Leech, Jr., State Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., Nashville, John Bingham, H. Greeley Wells, Asst. Dist. Attys. Gen., Blountville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of aggravated rape and was sentenced to serve thirty-seven (37) years in the penitentiary.

The defendant says the evidence does not support the verdict, says the indictment should have been dismissed because he did not have counsel at the preliminary hearing, and says the in-court identification should have been suppressed because of an impermissibly suggestive pretrial identification procedure.

The judgment is affirmed.

The state's evidence in this case is not disputed by the defendant, who did not testify at trial or offer any other witnesses.

The evidence shows the prosecutrix was walking along a highway in Kingsport on July 28, 1980, at dusk and was approached by a man, whom she later identified as the defendant. The man knocked the prosecu-trix down an embankment into a wooded area where he had sexual intercourse with her. The prosecutrix was struck about the face several times prior to the sexual act. After the encounter the woman ran to a nearby business and told an employee of the business she had been raped.

The police were called by the employee, and they came to where the woman was located. The woman told the police of the event and gave them a description of the man whom she said had raped her. The woman described the man as having a beard, wearing blue jeans, and not wearing a shirt. This description was relayed over the police radio to other officers in the area.

An officer who heard the description saw four men, one of whom fit the description, near the scene of the crime. This man was taken into custody and returned to where the woman was located. The woman identified the defendant as her attacker. This confrontation occurred approximately twenty (20) to thirty (30) minutes after the attack.

The officer searched the area where the rape occurred and found a shoe belonging to the woman, a cowboy hat, and a pair of glasses belonging to the defendant.

A medical examination showed sexual penetration of the woman had occurred and showed an abrasion on her forehead, a bruise on her nose, reddening of the left cheekbone, and various scratches and bruises about her body.

We are of the opinion the evidence in this case fully supports the verdict of the jury, which found the defendant guilty of aggravated rape. The woman's uncontradicted testimony of how she was beaten by her attacker and forced to submit to him is supported by the medical evidence, which shows sexual intercourse occurred accompanied by injury to her face and various portions of her body. The evidence shows the sexual intercourse was against the will of the woman and was accomplished by force, which resulted in the infliction of personal injury upon the woman. The evidence is sufficient for a finding of guilt beyond a reasonable doubt.

When the defendant appeared for a preliminary hearing on this matter, the general sessions judge found him not to be indigent, refused to appoint counsel for him, and conducted the preliminary hearing without the defendant being represented by counsel.

The record before us is unclear on how the lack of counsel came about. However, this was error. *See* Rule 5, T.R.Cr.P.; *McKeldin v. State*, 516 S.W.2d 82 (Tenn. 1974). The issue thus becomes whether the defendant was harmed by the lack of counsel. We think he was not.

When the defendant made a motion to dismiss the indictment based upon the lack of counsel at the preliminary hearing, the trial judge, very wisely, ordered the state to present the witnesses used therein for examination. In effect, the trial judge conducted another preliminary hearing wherein the defendant, by counsel, cross-examined the witnesses. Beyond this, a parole violation hearing was held after the preliminary hearing, and in the parole violation hearing, the witnesses who had testified in the preliminary hearing testified and the defendant's lawyer appeared as counsel. Therefore, it appears, beyond question, the error in the preliminary hearing was harmless.

We think the trial judge correctly denied the motion to suppress the in-court identification of the defendant in this case.

When the police talked with the woman, she gave them a description of the man who had raped her. Within thirty (30) minutes after receiving this description, an officer was able to pick out the defendant in a group of four (4) men. The officer then took him to where the woman was located, and she unquestionably identified him as her attacker.

The central issue to be determined when an attack is made on pretrial identification procedures is whether such procedures are so unreasonably suggestive as to lead to the likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

In determining whether irreparable misidentification has occurred, the court looks to "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation," *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *Bennett v. State*, 530 S.W.2d 511 (Tenn.1975).

Measured against this criteria, the record shows no likelihood of a misidentification of the accused. Furthermore, glasses belonging to the defendant were found at the scene of the rape, thus strengthening the accuracy of the identification.

DAUGHTREY and CORNELIUS, JJ., concur.