STATE of Tennessee, Appellee,

v.

**Ronald Lin JAMES, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 27, 1984.

William M. Leech, Jr., Atty. Gen. & Reporter, John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Charles E. Hawk, Dist. Atty. Gen., Roger Delp, Asst. Dist. Atty. Gen., Kingston, for appellee.

Charles B. Hill, II, Kingston, for appellant.

## OPINION

O'BRIEN, Judge.

The case comes from Roane County. The defendant, Ronald Lin James, was found guilty on eight charges of uttering a

forged instrument, and eight charges of forgery, four counts of each offense over $200, and four counts under $200. He was sentenced to imprisonment for one (1) year on each of the eight counts under $200, for three (3) years on each of four counts over $200, and six (6) years on the remaining four counts over $200. The trial court ordered some of the sentences to be served concurrently, and some consecutively, effectively sentencing defendant to fourteen (14) years imprisonment.

The record shows Robert Branson either lost or had his wallet stolen in the summer of 1982. Contained in the wallet at the time were a Proffitt's charge card and his driver's license, No. 44081229, showing his address to be 602 Peachtree Lane, Kingston, among other things. Mr. Branson testified he had no post office box in Harriman, Tennessee, no accounts with the Bank of Roane County, and did not know defendant.

On December 1, 1982, Post Office Box 1332, Harriman, Tennessee, was obtained in the name of Robert Branson, of 602 Peachtree Lane, Kingston. On the same day, defendant opened a checking account at the Bank of Roane County in the name of Robert Branson. The address on the checks was P.O. Box 1332, Harriman, the residence shown on the account application is 602 Peachtree Lane, Kingston. Identification used in obtaining both the checking account and the post office box was Tennessee Driver's License No. 44081229.

On December 17, 1982, defendant wrote checks on the Roane County bank account to the Rockwood Outlet, K-Mart, Pruitt's Food Town, Kroger's and White's Auto Store. On December 18, 1982 he wrote one check to Radio Shack and two checks to TG & Y. Defendant was identified by witnesses as the person who wrote the checks to the Rockwood Outlet and Pruitt's Food Town. For each of the eight checks, two forms of identification were used; a Proffitt's charge card and Tennessee Driver's License No. 44081229. Seven of the checks were returned for insufficient funds. The check made to Radio Shack was not presented for payment.

In his first issue, defendant contends the trial court erred in imposing consecutive sentences and in failing to indicate a reason for doing so, as required by Tenn.R.Crim.P. No. 32. The record indicates at the time of sentencing, defendant had criminal charges pending in two Tennessee counties; an extensive criminal history in Florida; and was wanted by the State of Florida for violation of probation and leaving the scene of an accident in which a death was involved.

■■■ Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. *State v. Cannon,* 661 S.W.2d 893, 900 (Tenn.Cr.App.1983). The trial court erred in failing to state his reasons for imposing consecutive sentences, however we find the error harmless. The record clearly shows defendant to be both a persistent and a multiple offender under the guidelines of *Gray v. State,* 538 S.W.2d 391, 393 (Tenn.1976). Where the reasons for the ruling are both obvious and sufficient, remand is unnecessary. *State v. Mosley,* 667 S.W.2d 767, 771 (Tenn.Cr.App. 1983), also *Anderson v. State,* 553 S.W.2d 85, 88 (Tenn.Cr.App.1977).

Defendant next complains the trial court erred in allowing certain exhibits into evidence, to wit: Exhibit 1—check # 142, drawn on the Bank of Roane County, account # 408 500 for $161.64, by Robert Branson, Rockwood Outlet, payee; Exhibit 6—check # 141, drawn on the Bank of Roane County, account # 408 500, for $284.23, by Robert Branson, Kroger, payee; Exhibit 11—application for post office box by Robert Branson; Exhibit 12—signature card for Bank of Roane County. Defendant contends the prosecution failed to provide him with discovery of the handwriting tests on Exhibits 1 and 6, and failed to properly identify or show the relevancy of Exhibits 11 and 12.

■■■ The record shows two identical discovery requests filed by defendant. Neither motion contains a request for the re-

sults of tests or examination as provided for in Rule 16(a)(1)(D), Tenn.R.Crim.P. The State's request and response indicates some of the checks to be presented at trial had been examined by the Memphis Crime Laboratory. The results were made available to defendant. Exhibits 1 and 6 were examined by a document analyst from the Memphis Crime Laboratory in the office of the District Attorney just prior to trial. The other checks were examined by the same analyst in Memphis. The State insists defendant made no request for the test results, therefore there can be no compliance. The record supports the position of the State.

■ Assuming, arguendo, there was non-compliance, the trial court has great discretion in fashioning a remedy. Rule 16(d)(2), Tenn.R.Crim.P. The sanction applied must fit the circumstances of the individual case. *State v. Cadle*, 634 S.W.2d 623, 625 (Tenn.Cr.App.1982). Evidence should not be excluded except when it is shown that a party is actually prejudiced by the failure to comply with discovery and that the prejudice cannot be otherwise eradicated. *State v. Garland*, 617 S.W.2d 176, 185 (Tenn.Cr.App.1981); *State v. Briley*, 619 S.W.2d 149, 152 (Tenn.Cr.App. 1981). The record shows defendant was fully aware a handwriting expert had examined some of the proposed exhibits and would be called at trial. Under these circumstances, defendant could hardly have been surprised the prosecution would make full use of this witness. Exclusion was not called for.

Exhibits 11 and 12 were introduced by a United States Postal Inspector for identification purposes; he had submitted these and other exhibits to the Memphis Crime Laboratory. The expert witness testified both exhibits were penned by the same hand as Exhibit 10, which were several handwriting exemplars made by defendant. Defendant insists these exhibits were not properly identified and were not relevant.

■ We agree neither exhibit was properly identified. Both were admitted for identification with the promise of the prosecutor to "connect-up"; neither was connected and both should have been stricken. See *Delk v. State*, 590 S.W.2d 435, 438–9 (Tenn.1979). The error was harmless.

■ Defendant next argues the trial court erred in allowing improper identification evidence to be admitted. Witnesses Annette and Nancy Hamby were shown a photographic array from which each chose defendant's picture. Each identified defendant in court. We have examined the photographs and find them to portray persons reasonably similar in appearance. We are therefore unable to agree with defendant's argument that the procedure was so unreasonably suggestive as to lead to the likelihood of irreparable misidentification. *State v. Hall*, 632 S.W.2d 565, 567 (Tenn. Cr.App.1982).

Finally, defendant contends the evidence is insufficient to support the verdict. Specifically, he contends there was no evidence to show defendant wrote the check to White's Auto, and that there was no evidence tending to show defendant intended to deceive and defraud Robert Branson as alleged in the forgery indictments, thus a fatal variance exists and these counts should be dismissed.

■ The witness from White's Auto Store could not identify defendant as the passer of the check; this check was not presented to the handwriting expert for testing. However, this check is drawn on the same account and is in the same number series as those which were identified. This circumstantial evidence is sufficient. See *State v. Crabtree*, 655 S.W.2d 173, 176 (Tenn.Cr.App.1983).

■ Forgery is the fraudulent making or alteration of any writing to the prejudice of another's rights. T.C.A. § 39–3–802. The offense is complete by the forgery with fraudulent intent, whether any third person be actually injured or not. It is sufficient the instrument forged with the fraudulent intent, might have been prejudicial to the rights of another. *Ratliff v. State*, 133 S.W.2d 470, 471, 175 Tenn.

172 (1939). There is sufficient evidence in the record to indicate defendant knowingly represented himself to be Robert Branson in order to deceive and defraud others. We find no variance here. See generally, *State v. Moss,* 662 S.W.2d 590 (Tenn.1984).

Finding no reversible error, the judgment is affirmed.

WALKER, P.J., and DWYER, J., concur.