IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
MARCH 1997 SESSION



FILED

May 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 03C01-9605-CC-00196 |
| | ) | BLOUNT COUNTY |
| Appellee, | ) | |
| | ) | Hon. D. Kelly Thomas, Judge |
| VS. | ) | |
| | ) | (SENTENCING) |
| LISA GAYE COPELAND, | ) | No. C-8930 BELOW |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

STACEY D. NORDQUIST
Assistant District Public Defender
419 High Street
Maryville, TN 37801

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MERRILYN FEIRMAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493


MICHAEL L. FLYNN
District Attorney General

EDWARD P. BAILEY, JR.
Assistant District Attorney General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED:_____


AFFIRMED


CORNELIA A. CLARK,
Special Judge

Defendant Lisa Copeland appeals as of right from the judgment of the trial court ordering her to serve the sentenced imposed in this case consecutively to a previous sentence imposed upon her in Sevier County, and denying her request for probation. The decision of the trial court is affirmed.

The defendant is a divorced mother of three. She began using cocaine in 1992. Her job as a motel housekeeper did not provide enough income to support her family and her daily cocaine habit. She lived with her parents but spent time with a male co-defendant.

On December 15, 1994, defendant committed the offenses of aggravated burglary and theft over $500 that are at issue in this case. On December 16, 1994 the defendant was arrested in Sevier County after committing a second aggravated burglary there. She immediately admitted her involvement in both offenses.

On March 27, 1995, defendant pled guilty in Sevier County to aggravated burglary. She was given credit for four months of time served and was placed on three years supervised probation.

On July 25, 1995, defendant entered pleas of guilty in this case to aggravated burglary, a Class C felony, and theft over $500.00, a Class E felony. Under the terms of the plea agreement, defendant apparently agreed to a three-year sentence for the aggravated burglary and a one-year sentence for the theft. The sentences were run concurrent to one another. All other issues concerning place and manner of service of her sentence were to be addressed at a later sentencing hearing. She remained free on bond.

On July 31, 1995, defendant reported to the Blount County probation officer

2

for a presentence interview. She tested positive for marijuana during that visit. The officer also noted that she had already committed a prior technical violation of her Sevier County probation by admitting use of marijuana in June 1995.

On November 5, 1995, defendant was charged with misdemeanor theft in Knox County. On November 6 she pled guilty and was placed on probation for eleven months twenty-nine days. On December 5, 1995, defendant was charged with another misdemeanor theft in Knox County. On December 8 she received another suspended sentence of eleven months, twenty-nine days. Following these convictions a probation violation warrant was issued in Sevier County.

The sentencing hearing in this case was conducted on January 2, 1996. Defendant testified that all the offenses were committed to support her cocaine addiction. She admitted that she had continued to use cocaine since the entry of her plea in July 1995.

After hearing all the proof, the trial judge denied defendant's request for probation. She was ordered to serve one year in the Blount County Jail followed by two years in the Community Corrections Program. Her sentences were run consecutively to the previously-imposed Sevier County sentence for aggravated burglary.

When a defendant complains of her sentence, we conduct a de novo review with a presumption of correctness of the findings of the trial court. Tenn. Code Ann. §40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). However, the burden of showing that the sentence was improper is upon the appealing party. Tenn. Code Ann. §40-35-401(d) Sentencing Commission Comments.

In determining an appropriate sentence, the court must consider the

3

following: (1) any evidence from the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing; (4) the nature and characteristics of the offense; (5) information concerning the enhancing and mitigating factors as found in Tenn. Code Ann. §§40-35-113 and 114; and (6) the defendant's statement in her own behalf concerning sentencing. Tenn. Code Ann. §40-35-210(b).

I.

The defendant first argues that it was error for the trial court to deny probation. As a person with no significant criminal history, convicted of a Class C felony and a Class A misdemeanor, the defendant was "presumed to be a favorable candidate for alternative sentencing". Tenn. Code Ann. §40-35-102(6). However, this presumption may be overcome by "evidence to the contrary". Id.

"Evidence to the contrary" may include a finding that one or more of the following sentencing considerations apply:

(A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)     Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)     Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. §40-35-103(1). Insofar as they are relevant to the -103 considerations, courts may also apply the mitigating or enhancing factors set forth in Tenn. Code Ann. §§40-35-113 and 114. See Tenn. Code Ann. §40-35-210(b)(5); State v. Lloyd Mills Matthews, Jr., No. 03C01-9505-CR-00153 (Tenn. Crim. App., Knoxville, May 1, 1996). Finally, Tenn. Code Ann. §40-35-103(5) provides that in

4

determining whether an alternative sentence is appropriate, courts should consider the defendant's potential or lack of potential for rehabilitation.

In this case, the trial court gave the following reasons for denying alternative sentencing: (1) the defendant has a history of other convictions and criminal activities; and (2) the defendant has frequently and recently been unsuccessful in completing probation, making the potential for rehabilitation poor. These reasons are supported by the record.

Defendant has acknowledged a lengthy history of illegal drug use. She testified at her sentencing hearing that during the one-year period before the commission of this offense she spent at least sixty dollars ($60.00) per day on cocaine for her personal use. In her presentence report interview she stated that for a year and a half she "shot up" $300.00 to $400.00 per day of cocaine. She also acknowledged using marijuana "a couple of times a week" since she was seventeen. However, she refused to disclose the source of her supply.

Additionally, while this case was pending defendant showed no greater willingness to follow the law. While on bond for the instant offenses, and on probation from the Sevier County aggravated burglary, the defendant committed two additional acts of theft, for which she has now pled guilty. She continued to use drugs. Thus measures less restrictive than incarceration had recently been unsuccessful. Defendant did not take full responsibility for her conduct, blaming her boyfriends for causing her problems. And although she indicated to the court that she desired drug treatment, she stated in her presentence interview that she did not need treatment. She had not maintained employment to provide for her children.

Defendant did not show her suitability for probation. The trial court acted within its discretion in denying probation. This issue is without merit.

5

II.

Defendant next contests the trial court's judgment that the sentences in this case should be run consecutively to the sentence in the Sevier County case. We note that Rule 32(c)(2), Tenn. R. Crim. P. gives discretion to the trial court to impose consecutive sentences when a defendant has "additional sentences not yet fully served." This court has previously held that the exercise of discretion under Rule 32(c)(2) essentially involves the consideration of the consecutive sentencing criteria provided in T.C.A. §40-35-115(b). See State v. Thomas Edward Capps, No. 01C01-9506-CC-00164 (Tenn. Crim. App., Nashville, February 29, 1996).

The trial court found that the defendant qualified for consecutive sentences based on the same factors he considered in denying probation: the commission and conviction of additional offenses while on probation from the Sevier County case and bond from the Blount County cases, and the defendant's general criminal behavior and drug use since she entered the guilty pleas in Sevier County and in Blount County. The record supports this determination. Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. State v. James, 688 S.W.2d 463 (Tenn. Crim. App. 1984). Defendant in this case admits an extensive history of illegal drug use. Extensive criminal history alone will support consecutive sentencing. See, e.g., State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994). This defendant has now committed several crimes in order to obtain money to support her extensive drug habit.

Finally, we believe that this history warrants the conclusion that the consecutive sentences are necessary to protect the public from further misconduct by the defendant, and reasonably reflect the severity of the offenses. See State v.

6

Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). Based on these findings, we hold that the trial court had an adequate basis for concluding that consecutive sentences were necessary.

The judgment of the trial court is affirmed in all respects.

_____
CORNELIA A. CLARK
SPECIAL JUDGE


CONCUR:


_____
JOHN H. PEAY
JUDGE


_____
PAUL G. SUMMERS
JUDGE

**IN THE COURT OF CRIMINAL APPEALS TENNESSEE AT KNOXVILLE**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 03C01-9605-CC-00196 |
| | ) | BLOUNT COUNTY |
| Appellee, | ) | |
| | ) | Hon. D. Kelly Thomas, Judge |
| VS. | ) | |
| | ) | (SENTENCING) |
| LISA GAYE COPELAND, | ) | No. C-8930 BELOW |
| | ) | |
| Appellant. | ) | |

## JUDGMENT

Came the appellant, Lisa Gaye Copeland, by counsel and also came the attorney general on behalf of the state, and this case was heard on the record on appeal from the Criminal Court of Blount County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Blount County for execution of the judgment of that court and for collection of costs accrued below.

It appears that the appellant is indigent. Costs of this appeal will be paid by the State of Tennessee.

**PER CURIAM**

John H. Peay, Judge
Paul G. Summers, Judge
Cornelia A. Clark, Special Judge