IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1997 SESSION

FILED

October 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )          C.C.A. No. 03C01-9607-CC-00260
                             )
          Appellee,          )          BLOUNT COUNTY
                             )
VS.                          )          HON. D. KELLY THOMAS, JUDGE
                             )
MICHAEL W. KAUFMANN,         )          (Aggravated Burglary, 2 counts,
                             )           Forgery, Theft)
          Appellant.         )


FOR THE APPELLANT:                    FOR THE APPELLEE:

MACK GARNER                           JOHN KNOX WALKUP
District Public Defender              Attorney General and Reporter
419 High Street
Maryville, TN 37801                   CLINTON J. MORGAN
                                      Assistant Attorney General
                                      450 James Robertson Parkway
                                      Nashville, TN 37243-0493


                                      MIKE FLYNN
                                      District Attorney General


                                      PHILLIP MORTON
                                      Assistant District Attorney General
                                      363 Court Street
                                      Maryville, TN 37801


OPINION FILED: _____


AFFIRMED


CHRIS CRAFT,
SPECIAL JUDGE


O P I N I O N

The defendant, Michael Kaufmann, appeals as of right from a sentence imposed by the Blount County Circuit Court. He entered guilty pleas to five indictments: two Aggravated Burglary indictments (eight years), Theft over $1,000 (four years), Theft over $500 (two years) and Uttering a Forged Instrument (two years), all concurrent, as a Range II Multiple Offender, in the custody of the Department of Correction. A sentencing hearing was then held for the sole purpose of determining whether these five convictions would be served concurrently or consecutively to unexpired sentences he was then serving for crimes committed in Loudon and Anderson Counties, totaling five years. The defendant contends that the trial judge erred in ordering that the effective eight year sentence for his Blount County crimes be served consecutively to his previous five year sentences. We affirm the judgment of the trial court.

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The procedure the trial court must follow in deciding whether or not a sentence should be served concurrently or consecutively with another unexpired sentence is set out in Rule 32(c)(2) of the Tennessee Rules of Criminal Procedure, as follows:

> Sentence When Defendant Has Prior Sentence Not Fully Served. If the defendant has additional sentences not yet fully served as the result of convictions in the same court or in other courts of this state and if this fact is made known to the court prior to sentencing, the court shall recite this in the judgment setting sentence, and the sentence imposed shall be deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears

2

that the new sentence being imposed is to be served consecutively with the prior sentence or sentences. The judgment to make the sentences consecutive or concurrent shall explicitly recite the judge's reasons therefor, and is reviewable on appeal.

This Court has previously held that the exercise of discretion given the trial court by Tenn. R. Crim. App. 32(c)(2) essentially involves the consideration of the consecutive sentencing criteria provided in Tenn. Code .Ann. § 40-35-115(b)(1990). See State v. Lisa Gaye Copeland, 1997 Tenn. Crim. App. LEXIS 453, No. 03C01-9605-CC-00196, Knoxville, May 13, 1997, and State v. Thomas Edward Capps, 1996 Tenn. Crim. App. LEXIS 125, No. 01C01-9506-CC-00164 (Tenn. Crim. App., Nashville, February 29, 1996). The trial court has the discretion to run sentences consecutively if it finds any of seven criteria by a preponderance of the evidence.

Tenn. Code Ann. § 40-35-115(b) states in relevant part that "the court may order sentences to run consecutively if the court finds by a preponderance of the evidence that: (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood; (2) The defendant is an offender whose record of criminal activity is extensive," and "(6) The defendant is sentenced for an offense committed while on probation." The trial judge found all three of these criteria applicable to the defendant, and his findings are amply supported by the record.

The presentence report and testimony of the defendant show that he served 19 months of a 3 year sentence in 1984 for trafficking in cocaine. In 1988, a warrant was issued for him for five counts of fraud involving felony bad checks, which was served on him in 1991, resulting in convictions. He then became partners in crime with a friend he met in prison, crossing the country on interstate highways, burglarizing houses close to shopping malls and expressway exits, stealing checks and forging and cashing them before moving to the next county or state, repeating the same crimes there. The defendant began this in 1993, using his half of the proceeds to pay rent, bills and to buy cocaine for himself and his girlfriend. Between trips he testified he would work one or two days a week making golf videos. Eventually he gave up his video business in 1994, when he was arrested and convicted under a false name for Forgery in Florida. The authorities placed him on probation for five years, not knowing

3

his real identity. When he was released from jail on probation, instead of reporting to the probation office, he and his partner left Florida, working their way up the interstate committing burglaries, and stealing and cashing checks as his sole source of livelihood, until finally arrested in Loudon County, Tennessee. The defendant admitted that he was on probation from Florida at the time of these crimes, and that at the time of sentencing there was a hold placed on him by the Federal authorities for counterfeiting.

The trial judge found that the defendant was a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood, that his record of criminal activity was extensive, and that he was on probation when all his Tennessee crimes were committed. The record supports this determination. Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. State v. James, 688 S.W.2d 463 (Tenn. Crim. App. 1984). The record also shows clearly that the consecutive sentences are necessary to protect the public from further misconduct by the defendant, and reasonably reflect the severity of the offenses. See State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

The judgment of the trial court is AFFIRMED.

_____
_____CHRIS CRAFT, SPECIAL JUDGE

CONCUR:

4

_____

JERRY L. SMITH, JUDGE

5

_____

JOE RILEY, JUDGE

5