IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2002

**STATE OF TENNESSEE v. KENNETH HERRING**

**Direct Appeal from the Circuit Court for Wayne County**
**No. 11936 and 11937     Stella L. Hargrove, Judge**

---

**No. M2001-00751-CCA-R3-CD - Filed February 11, 2002**

---

The Defendant was convicted in Wayne County Circuit Court of five counts of rape of a child and two counts of aggravated sexual battery. The Defendant received an effective sentence of seventy-five years incarceration. This Court subsequently reversed the five rape of a child convictions and remanded the case to the trial court to determine whether the remaining two twelve-year sentences for aggravated sexual battery should be served consecutively or concurrently. The trial court determined that the sentences should be served consecutively for an effective sentence of twenty-four years incarceration. The Defendant now appeals, arguing that the trial court erred in ordering that the Defendant's sentences for aggravated sexual battery run consecutively. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Robert H. Stovall, Jr., Assistant Public Defender, Pulaski, Tennessee, for the Appellant, Kenneth Herring.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and J. Douglas Dicus, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Defendant, Kenneth Herring, was convicted in Wayne County Circuit Court of five counts of rape of a child and two counts of aggravated sexual battery. On appeal, this Court reversed and remanded the five convictions for rape of a child because the State failed to properly elect between multiple instances of sexual conduct. This Court further held that the remaining two convictions for aggravated sexual battery should be remanded "to determine whether concurrent or consecutive sentences are appropriate." This Court stated the facts of the underlying case as follows:

The victim in this case, AH,[1] who was nine-years old at the time of the offenses, testified that the Defendant came to live with her, her mother, and her little brother during September of 1997. Approximately two to three weeks later on a weekend night she and the Defendant were in the living room watching television when the Defendant asked her to come over and lie beside him on the couch. A.H. complied, and the Defendant started "tickling" her in her genital area. A couple of days later, the Defendant showed A.H. how to "suck his weiner," which he called his "dick," by placing his finger in A.H.'s mouth. He then placed his penis in A.H.'s mouth, telling her what to do. He told A.H. that if she told anyone, she would be sent to a foster home, and he would kill her mother when he got out of jail. A.H. then testified that the Defendant placed his penis in her mouth "a lot," which she agreed was more than four times, but she did not specifically describe any of those other incidents. She said that it happened about every other day. She said that he also touched and rubbed her "down there," and that he did that "a lot."

A.H. testified that around Christmas of 1997, the Defendant started to "put his wiener inside" her. She said that he placed his penis in "both her privates." This abuse usually occurred while her family was asleep, and if she started to cry or yell loudly, he would place a pillow over her face so that no one could hear her cries. He did not place his entire penis inside her, but he placed "some of it" in her. A.H. said that the Defendant placed his penis inside her ten to twelve times around Christmas time, but she did not further identify any particular instance.

Sometime after Christmas but before Easter, A.H. moved with her family and the Defendant from the trailer park where they had lived to a place further out into the country. The sexual contact continued after they moved. A.H. said that the Defendant also put his finger and a candle in her. He put the candle in her "butt." She could not remember whether he put the candle in her before or after Easter, but she said that he only did it once. She testified that he put his finger in her "a lot," which she said was more than ten times. She also said that sometimes the Defendant would put Vaseline in her to make penetration easier. The last time that the Defendant did anything to her was days before he moved out, which was sometime before school was out in May.

The Defendant testified and denied any sexual contact with or penetration of A.H. However, he had given a statement to Tom Workman, an investigator with the District Attorney General's Office, which was written down by Mr. Workman and signed by the Defendant. That statement, which was introduced as an exhibit, provided as follows:

I did. She performed oral sex on me two or three times. I didn't cum every time. I did one time and that's because I masturbated. I stuck my finger in her one

---

[1] It is the policy of this Court to refer to minor victims by initials rather than by names.

time about one half inch and she said it hurt and I stopped. I fondled her five or six times. I performed oral sex on her two or three times. I put my tongue on her. She put Vaseline on me and herself. I enjoyed it at the time but afterwards I knew it was wrong. I need help but prison will not help anybody.

See State v. Kenneth Lee Herring, No. M1999-00776-CCA-R3-CD, 2000 WL 1208311, at *1-2 (Tenn Crim. App., Nashville, Aug. 24, 2000).

On remand, the trial court found that the two twelve-year sentences for aggravated sexual battery should be served consecutively for an effective sentence of twenty-four years. The Defendant's sole issue on appeal is whether the trial court abused its discretion in ordering the sentences to be served consecutively. An abuse of discretion standard of review "contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" State v. Coley, 32 S.W.3d 831, 833 (Tenn. 2000) (quoting State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999)). Alternatively, "[a]n abuse of discretion exists when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is therefore arbitrary, illogical, or unconscionable." State v. Brown & Williamson Tobacco Corp., 18 S.W.3d 186, 191 (Tenn. 2000).

It is within the sound discretion of the trial court whether or not an offender should be sentenced consecutively or concurrently. State v. James, 688 S.W.2d 463, 465 (Tenn. Crim. App. 1984). A court may order multiple sentences to run consecutively if it finds by a preponderance of the evidence that the Defendant fits in one of the following categories:

(1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b). The trial court in this case based its consecutive sentencing on the Defendant's extensive criminal record, the Defendant's convictions for two or more offenses involving sexual abuse with a minor, and the fact that the offense was committed while the Defendant was on probation. See id. § 40-35-115(b)(2), (5), (6).

There is no evidence that the trial court abused its discretion in determining that the Defendant's criminal record was extensive. In determining that factor (2) applied in this case, the trial court noted the following:

> In this particular case, it appears to this Court that [the Defendant] has three DUI convictions that the Court would consider. DUI by allowance in 1997. A DUI conviction in '97 and another DUI conviction in '94. The Court is not considering the fourth DUI conviction out of Florida that it would not allow today. He has two vandalism convictions. He has two other traffic offense convictions. He has a wreckless [sic] endangerment conviction with a deadly weapon for which it appears he was on probation when these offenses occurred. He has three public drunk convictions and he has another felony conviction for lewd and [l]ascivious acts upon a child out of Florida, convicted on March 17, 1983. The records reflect that that was his niece that was involved in that particular conviction. Therefore, [the Defendant] has multiple misdemeanor convictions as well as at least two prior felony convictions one of which appears to be a Tennessee translation from Florida of sexual battery, that being lewd and lascivious acts upon a child.

The Defendant argues that the court's findings were based solely on the testimony of the Defendant's probation officer. However, we note that at least part of the probation officer's testimony was corroborated by the Defendant. The Defendant admitted to the pre-sentence investigating officer that he had a conviction for a similar offense against a child in Florida. This conviction was also confirmed by the Defendant's sister. Thus, the Defendant has failed to show that the trial court abused its discretion in applying factor (2) relating to the Defendant's extensive criminal history.

There was sufficient evidence to support the trial court's finding that factor (5), that the Defendant was "convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims," applied in this case. Id. § 40-35-115(b)(5). Evidence presented at trial established that the Defendant abused a position of trust. The Defendant was the live-in boyfriend of the victim's mother. The evidence at trial also indicated that the abuse continued for an extensive period of time. The victim testified at trial that the Defendant began abusing her shortly after the Defendant moved in with her family in September 1997, and the abuse continued until sometime around Easter of the following year. Furthermore, the victim testified at trial that the "abuse usually occurred while her family was asleep, and if she started to cry or yell loudly, [the Defendant] would place a pillow over her face so that no one could hear her cries." Thus, we conclude that the trial court did not abuse its discretion in applying factor (5) in the present case.

-4-

The Defendant's probation officer testified and the Defendant concedes that the Defendant was on probation at the time of the offense in this case. Therefore, we also conclude that the trial court did not abuse its discretion in applying factor (6) in the present case.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE