IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2012

**STATE OF TENNESSEE v. JOHN ROBERT Q. JACKSON**

**Appeal from the Circuit Court for Montgomery County**
**Nos. 40801258, 40801260, 40801261, 40901207      Michael R. Jones, Judge**

---

**No. M2012-00511-CCA-R3-CD - Filed March 4, 2013**

---

Appellant, John Robert Q. Jackson, challenges the sentences imposed by the trial court after he was revoked from community corrections. He argues that the trial court erred by considering his pending criminal allegations when ordering that he serve some of his sentences consecutively with each other. Appellant also contends that the trial court erred in concluding that his record of criminal activity was extensive. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ. joined.

James R. Potter, Clarksville, Tennessee, for the appellant, John Robert Q. Jackson.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Lee Willoughby, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Procedural History and Facts

On February 13, 2009, appellant pleaded guilty to two counts of aggravated burglary in case number 40801258 and two counts of aggravated burglary in case number 40801260. He also pleaded guilty to one count of aggravated burglary, two counts of automobile burglary, one count of theft more than $10,000, and one count of theft more than $1,000 in case number 40801261. The trial court sentenced him to an effective sentence of six years to be served in community corrections.

Appellant was served with a violation warrant on September 10, 2009. On December 9, 2009, appellant admitted his violations and pleaded guilty to one count of aggravated burglary in case number 40901207.[1] The trial court sentenced him to four years in community corrections in case number 40901207 and ordered that he serve that sentence concurrently with his previous six-year community corrections sentence, which the trial court reinstated.

Another violation warrant was filed based on appellant's involvement in a home invasion and aggravated robbery. On November 10, 2011, the trial court held a revocation hearing at which the two victims and appellant's two co-defendants testified about appellant's involvement in the home invasion and aggravated robbery. According to appellant's co-defendants, appellant told them that they could make money by robbing a home that contained four pounds of marijuana. During the home invasion, the victims were held at gunpoint and forced to remove their clothing while the perpetrators stole their belongings. Marquan Hudson, one of appellant's co-defendants, stated that appellant possessed a firearm during the incident and used it to touch the breasts and "butt" of one of the victims. That victim testified that sometime after the incident, appellant described the home invasion and robbery to her, but he did not implicate himself. Detective Eric Ewing with the Clarksville Police Department testified that he developed appellant as a suspect in the incident after speaking with the victims' neighbors. He placed a photograph of appellant in a photograph array, and Xavier Brown, the other victim, identified appellant as one of the individuals involved in the incident. Detective Ewing stated that after appellant was advised of his *Miranda*[2] rights, appellant gave two statements. Appellant did not implicate himself in his first statement. However, after Detective Ewing confronted him about his statement not being a full account of the robbery, appellant gave a second statement in which he admitted his involvement.

After hearing the evidence, the trial court found that appellant was "in severe violation of the terms of his sentence with [c]ommunity [c]orrections." The court revoked appellant from community corrections and scheduled a sentencing hearing for February 8, 2012. At the subsequent sentencing hearing, appellant exercised his right of allocution. Appellant stated that he had not been charged with any felonies since August 2008, that he had been employed while in community corrections, that he attended Austin Peay State University, and that he was doing what he could to change himself. He further stated that he had a wife and two children, and he did not want his relationship with them to be hindered. The trial court

---

[1] The general time frame of the offense in case no. 40901207 was the same as the three prior docket numbers.

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

considered appellant's guilty plea, "sporadic" employment, and family status as mitigating factors. *See* Tenn. Code Ann. § 40-35-113(13) (2010). The court considered that appellant had a previous history of criminal convictions in addition to those necessary to establish the appropriate sentencing range and that appellant failed to comply with the conditions of a sentence involving release into the community as enhancement factors. *See id*. § 40-35-114 (1), (8).

The trial court revoked appellant's community corrections sentence and re-sentenced him to concurrent three-year sentences for each count in case number 40801258, concurrent four-year sentences for each count in case number 40801260, an effective four-year sentence in case number 40801261, and four years in case number 40901207. In considering consecutive sentencing, the trial court found that appellant had an extensive criminal history. Tenn. Code Ann 40-35-115(b)(2) (2010). Thus, the court ordered that appellant serve his sentences in case numbers 40801258, 40801260, and 40801261 consecutively to each other. He ordered that appellant serve his sentence in case number 40901207 concurrently with his sentence in case number 40801260, for an effective eleven-year sentence in the Tennessee Department of Correction.

## II. Analysis

On appeal, appellant argues that the trial court erred by considering pending criminal allegations, not convictions, when re-sentencing appellant. The State responds that the trial court acted appropriately and within its discretion when sentencing appellant. We agree with the State.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b) (2010). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4) (2010).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn.

2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Id.* at 709. This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See Carter*, 254 S.W.3d at 346. The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

The determination of whether an offender should be sentenced to consecutive or concurrent sentences is within the sound discretion of the trial court. *State v. Blouvet*, 965 S.W.2d 489, 495 (Tenn. Crim. App. 1997) (citing *State v. James*, 688 S.W.2d 463, 465 (Tenn. Crim. App. 1984). Tennessee Code Annotated section 40-35-115, in relevant part, permits the trial court to order consecutive sentencing if it finds by a preponderance of the evidence that the defendant is "an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2) (2010).

Appellant complains that when re-sentencing appellant, the trial court considered criminal allegations for which appellant had not yet been convicted in violation of his rights under *Blakely v. Washington*[3] and *State v. Gomez.*[4] During the sentencing hearing, appellant's counsel argued that the court should not consider the testimony given at the revocation hearing regarding the home invasion and robbery because appellant had not yet been convicted of those crimes. The court responded, "I'm not going to consider that case whatsoever." The record reflects that the trial court did not improperly consider the pending case in its sentencing decision. The record shows the trial court considered the relevant proof, arguments of counsel, the nature and characteristics of appellant's criminal conduct, mitigating and enhancing factors, and the principles of sentencing when re-sentencing appellant. The court further considered appellant's statement and the presentence report, which lists several criminal charges and convictions.

Appellant further asserts that the court erred when it considered his unlawful carrying of a weapon charge, which had not yet been adjudicated, when it found that appellant had failed to comply with the conditions of a sentence involving release into the community. However, the presentence report indicates that appellant received this charge while he was

---

[3] *See Blakely v. Washington,* 542 U.S. 296, 301 (2004).

[4] *See State v. Gomez,* 239 S.W.3d 733, 740 (Tenn. 2007).

serving a community corrections sentence and that he was convicted of that charge. Thus, the record fully supports the trial court's finding that appellant has failed to comply with the conditions of a sentence involving release into the community.

Appellant also claims that the trial court erred by finding that appellant is an offender whose record of criminal activity is extensive and by ordering that he serve his sentences consecutively. Without citation to any authority, appellant posits that his convictions "were from a short duration of time which constituted the same or similar acts, which does not warrant the finding of a professional criminal or having had an extensive criminal history." We disagree and note that the record shows that appellant has an extensive history of criminal activity. Appellant's history of criminal activity includes at least nine different felony convictions in addition to some misdemeanor convictions. Although some of the activity includes criminal charges that have not yet resulted in convictions, convictions do not solely justify the finding of an extensive criminal history. *See State v. Angela Marie Jewell Larzelere*, No. 01C01-9506-CC-00187, 1996 WL 12150 (Tenn. Crim. App. Jan. 11, 1996) (citing *State v. Cummings*, 868 S.W.2d 661, 667 (Tenn. Crim. App. 1992)) (noting that this court has "previously held that prior convictions are not necessary to support a finding of an extensive criminal history warranting an imposition of consecutive sentences").

The trial court re-sentenced appellant "within the appropriate range, and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *See Bise* 380 S.W.3d at 709-10. Thus, we will not disturb appellant's sentences. Appellant is not entitled to relief.

## CONCLUSION

Our review of the record reveals no error in the trial court. Accordingly, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE