# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### December 11, 2012 Session

## STATE OF TENNESSEE v. DANIEL DAVID COLBY

### Direct Appeal from the Dickson County Circuit Court
### No. 22CC2010CR260      Robert E. Burch, Judge

_____

### No. M2012-00261-CCA-R3-CD - Filed May 22, 2013

_____

Defendant, Daniel David Colby, was charged in a presentment returned by the Dickson County Grand Jury with two counts of rape of a child, a Class A felony. He subsequently was allowed to plead guilty to two counts of aggravated sexual battery, a Class B felony, in lieu of the greater offense of rape of a child. Defendant submitted to the trial court's determination the length and manner of service of the sentences following a hearing. The trial court imposed the minimum sentence of eight (8) years for each conviction and ordered the sentences to be served consecutively. In Defendant's only issue on appeal, he argues that the trial court erred by imposing consecutive sentencing. After a thorough review, we affirm the sentences and the imposition of consecutive sentencing, but remand to the trial court for entry of appropriate amended judgments which set forth all pretrial jail credits to which Defendant may be entitled, and for correction to show the convictions are in Dickson County rather than Anderson County.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Convictions and Sentencing Affirmed; Remanded for Entry of Amended Judgments**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

E. Covington Johnston, Jr., Franklin, Tennessee, for the appellant, Daniel David Colby.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Ray Couch, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Background

The female victim in both counts was three years old when the crimes were committed between December 1, 2009 and February 28, 2010. Defendant, 30 years old at the time of the offenses, was a "live-in" babysitter for the victim, her sibling, and occasionally another child or two. The victim's mother, with whom the victim resided, testified that she had known Defendant for several years and that Defendant had "been in our family quite some time [ ] through a friend of mine." The victim's mother first found out about Defendant's abuse of the victim when the victim complained that her "private area" hurt  because Defendant had "stuck his finger [ ] all the way in my hole." She added that the victim, who loved to take a bath prior to the sexual abuse, no longer "like[d] to take baths." There was no evidence that Defendant and the victim's mother had a romantic relationship.

Detective Stacy Patterson of the Dickson County Sheriff's Department testified regarding the statement given to her and signed by Defendant during the investigation. In this statement, Defendant admitted that he was regularly babysitting the victim and her sister beginning in December 2009. Defendant stated that on an occasion during that month he and the victim "had been wrestling." The three-year-old victim then sat in Defendant's lap. Defendant told Detective Patterson that the victim "rubbed her butt on my penis and I got aroused."

Defendant stated that on an occasion in January 2010, the victim informed Defendant that "she didn't [wipe] her butt very well." Defendant went to the bathroom where the victim was, and "[wiped] [her] butt with toilet paper." Defendant told Detective Patterson he stuck his finger into the victim's "butt because I was curious. I became sexually aroused. I went into the other bathroom and masturbated." Defendant also provided the details of an event in February 2010, when he again "became aroused." On this occasion he was helping the victim get dressed. Defendant said he "stuck [his] pointer finger" into the victim's vagina, then went into the bathroom and masturbated.

Rachel Riley Coe testified that she was an employee of the Tennessee Board of Probation and Parole and that she prepared the presentence report, which was made an exhibit. She testified that Defendant had one prior conviction for the misdemeanor offense of reckless driving.

Defendant did not testify at the sentencing hearing, but he did present the testimony of his sister, Virginia Sharber. She stated that Defendant grew up with developmental disabilities. Specifically, she testified that Defendant had "always been sort of to himself and

-2-

quiet, very socially delayed, [developmentally] delayed, he's been in special education." Defendant graduated from high school with "a special ED [sic] degree." Ms. Sharber testified that if she had children, she would allow Defendant to babysit them.

Regarding the sole issue on appeal, the trial court imposed consecutive sentences pursuant to Tennessee Code Annotated section 40-35-115(b)(5) which provides that a trial court may order consecutive sentencing if it finds by a preponderance of the record that,

> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

Tenn. Code Ann. § 40-35-115(b)(5)

## II. Analysis

*Consecutive Sentencing*

In his brief, Defendant argues that consecutive sentencing is not justified by any provision of Tennessee Code Annotated section 40-35-115(b)(1)-(7), and specifically not authorized by the subsection relied upon by the trial court. Defendant asserts that there was no evidence that consecutive sentencing is necessary to protect society from future criminal conduct of Defendant; that Defendant's only prior criminal conviction is a misdemeanor (reckless driving); that Defendant had developmental disabilities, and that there was no proof of physical, mental, or emotional injury to the victim. Defendant cites *State v. Imfield*, 70 S.W.3d 698, 707 (Tenn. 2002) in support of his argument that the trial court should have imposed concurrent sentencing. In that case, our supreme court noted that,

> In addition to the specific criteria in Tenn. Code Ann. [sic] § 40-35-115(b), consecutive sentencing is guided by the general sentencing principles providing that the length of a sentence be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved for the offense committed." [Tenn. Code Ann.] §§ 40-35-102(1) and -103(2).

*Imfield*, 70 S.W.3d at 707 (footnote omitted).

As indicated by this court in *State v. Blouvet*, 965 S.W.2d 489 (Tenn. Crim. App. 1997), when the preponderance of the evidence shows that a factor(s) in Tennessee Code Annotated section 40-35-115(b) is applicable, "[t]he determination of concurrent or consecutive sentences is a matter left to the sole discretion of the trial court." *Blouvet*, 965 S.W.2d at 495 (citing *State v. James*, 688 S.W.2d 463 (Tenn. Crim. App. 1984)).

In concluding that consecutive sentencing should be imposed pursuant to Tennessee Code Annotated section 40-35-115(b)(5), the trial court made the following factual findings:

> In this case the Court finds from the proof that there was a - the relationship between the defendant and victims [sic] was that of babysitter, a person who had absolute power, authority over these children. These children would be unable to protect themselves; and I say, "children," child; and the child would be unable to protect herself and was totally under his control for a considerable period of time.
>
> The times factor was roughly three months that the - or possibly longer that the defendant's activities were undetected; but they were subject to - under the indictment they were subject to his domination during that three month period of time.
>
> The nature and scope of the sexual acts were basically stated by Detective Patterson in her testimony in relating a statement by the defendant; and there is no reason for me to go into the details of that. It is obvious to say that [these] sexual acts were considerable.
>
> The extent of any residual, physical and mental damage has not been shown to be any physical damage. The mother testified to mental and emotional damaging affect it had upon the victim in this case and the Court finds that to be the case.

Recently, addressing the standard of appellate review as to the length of a sentence, our supreme court held in *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012),

> In our view, [*State v.*] *Carter* [, 254 S.W.3d 335 (Tenn. 2008)] marked the beginning of this Court's recognition that sentences should be reviewed under an abuse of discretion standard . . . . We hold, therefore, . . . the 2005 amendments [to the Sentencing Act of 1989] also effectively abrogated the de novo standard of appellate review . . . . We adopt an abuse of discretion standard of review, granting presumption of reasonableness to within - range

-4-

sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act.

*Bise*, 380 S.W.3d at 707.

Subsequently, our supreme court adopted the same standard of review for a trial court's decision regarding the manner of service of a sentence in the context of whether probation or some other form of alternative sentence was appropriate. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). In *Caudle*, the supreme court recognized,

> As stated in *Bise*, "when the 2005 amendments vested the trial court with broad discretionary authority in the imposition of sentences, de novo appellate review and the 'presumption of correctness' ceased to be relevant. 380 S.W.3d at 708.

*Caudle*, 388 S.W.3d at 279.

Our review of the record confirms the factual findings of the trial court as to the basis to order consecutive sentencing. We conclude that the holdings in *Bise* and *Caudle* equally apply to decisions of whether to impose consecutive or concurrent sentencing. However, even if review of whether the facts found to justify a ground for consecutive sentencing is reviewed de novo with a presumption of correctness, then under either standard, the trial court's decision to impose consecutive sentencing should be affirmed. Defendant is not entitled to relief on this issue.

*Judgments*

Defendant pled guilty on October 3, 2011, to aggravated sexual battery under each count of the presentment. Judgments were entered on October 11, 2011, for each count, reflecting the offenses occurred in Dickson County. Since the sentencing hearing was not held until December 21, 2011, the October 11 judgments did not state the sentences imposed. Also, the space to set forth Defendant's pretrial jail credits was left blank on each judgment. On January 6, 2012, amended judgments were filed, reflecting the sentencing decisions of the trial court on December 21, 2011. However, for some reason, each of these amended judgments lists *Anderson* County as the county where the offense was committed. Furthermore, both of the amended judgments again have blank spaces for pretrial jail credits.

Neither party has addressed the failure to provide for pretrial jail credits in the judgments as amended. However, we note from our review of the record that Defendant was arrested on the presentment on April 30, 2010, and bond was set at $150,000.00.

Defendant's counsel filed a motion to reduce bond on May 7, 2010, and it alleged that Defendant had been unable to post bond in the amount of $150,000.00. On June 11, 2010, an agreed order was entered reducing the bond to $50,000.00. No copy of any bond is in the record. Furthermore, even if Defendant made bail in June 2010, by statute the trial court had to revoke bail immediately upon conviction by guilty plea on October 3, 2011. *See* Tenn. Code Ann. § 40-35-116. The presentence report reflects that Defendant was "currently incarcerated" when that report was prepared. There is nothing in the record to indicate that Defendant would have been incarcerated on any criminal charges other than the charges in this case. A criminal defendant is clearly entitled to receive pretrial jail credits. Tenn. Code Ann. § 40-23-101. It appears that Defendant in this case quite likely is entitled to receive statutory jail credits but that through oversight, these credits were omitted from the appropriate judgment. Accordingly, although we affirm the length and manner of consecutive service of the sentences, we are compelled to remand this matter to the trial court for a determination of the amount of statutory jail credits to which Defendant is entitled, if any, and for amended judgments that correctly reflect statutory jail credits, and the designation that the offenses occurred in Dickson County rather than Anderson County.

## CONCLUSION

We affirm the convictions, the length of the sentences, and the order of consecutive sentencing. However, we remand to the trial court for entry of amended judgments showing that the offenses occurred in Dickson County, and for a determination and specification of the amount of statutory jail credits to which Defendant is entitled.

_____
THOMAS T. WOODALL, JUDGE