IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 18, 2002

## STATE OF TENNESSEE v. JAMES ANDREW NICHOLS

**Direct Appeal from the Circuit Court for Warren County**
**No. F-8121      Charles D. Haston, Judge**

_____

**No. M2000-02758-CCA-R3-CD - Filed October 7, 2002**

_____

The Defendant pled guilty to three Class C felony drug offenses. Following a sentencing hearing, the trial court imposed sentences of five years in the Tennessee Department of Correction for each offense and ordered that the sentences be served consecutively for an effective sentence of fifteen years. On appeal, the Defendant challenges the lengths, the manner of service, and the consecutive nature of the sentences. After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Dan T. Bryant and L. Scott Grissom, Assistant Public Defenders, McMinnville, Tennessee, for the appellant, James Andrew Nichols.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Clement Dale Potter, District Attorney General; and Thomas J. Miner, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Procedural Background

The Warren County Grand Jury indicted the Defendant, James Andrew Nichols, for one count of selling methamphetamine, a Schedule II controlled substance; for one count of selling or delivering methamphetamine; and for one count of possession of methamphetamine with the intent to sell or deliver. The Defendant entered guilty pleas to the three charges, which are all Class C felonies. Following a sentencing hearing, the trial court imposed sentences of five years for each conviction, with the sentences to be served in the Tennessee Department of Correction. The trial court ordered that the sentences be served consecutively to each other and to a prior conviction from Warren County, Tennessee. This appeal ensued, in which the Defendant contests the lengths of each

sentence, the manner of service of each sentence, and the determination by the trial court that the sentences should be served consecutively to each other.

## II. Facts

John Bell, an investigating officer with the Tennessee Department of Correction, testified at the sentencing hearing. Bell presented to the court a presentence report concerning the Defendant. The Defendant then testified at the sentencing hearing. The testimony of the Defendant, along with the presentence report, revealed that the Defendant has prior convictions for driving while his license was suspended and for disorderly conduct. At the time of the sentencing hearing, the Defendant also had two indictments alleging felony drug offenses pending in Warren County Circuit Court. The Defendant had also failed to appear in court in Missouri on a felony drug charge.

In both his testimony and his statement in the presentence report, the Defendant described his lengthy history of drug abuse dating back to his childhood. The Defendant was thirty-two years old at the time of the sentencing hearing, having obtained a high school diploma and some college credits. The Defendant testified that since high school he had done construction work and worked as a self-employed musician. The Defendant also served in the United States Army, receiving a general discharge. The Defendant denied being involved in manufacturing methamphetamine, but admitted that he knew how to make it and that he had sold it. He indicated in his statement to Bell that in 1998, he began working in the "meth industry" "selling meth to supply [his] habit." The presentence report and the testimony of the Defendant indicated that the crimes for which he was being sentenced occurred while he was on bond pending the disposition of other felony drug charges. The Defendant testified that if he was not in custody, he could accept immediate employment making $14.50 per hour working as a sub-contractor in Warren County.

## III. Analysis

The Defendant argues that the trial court erred by sentencing him to five year terms in the Tennessee Department of Correction for each of his convictions and by ordering that all three sentences be served consecutively. When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to

sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. Shelton, 854 S.W.2d at 123. However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

Initially, we note that the record before this Court does not include the transcript of the guilty plea hearing. Any evidence presented at the guilty plea hearing should be considered in determining the appropriate sentence. See Tenn. Code Ann. § 40-35-210(b)(1). Further, it is the duty of the defendant to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. Tenn. R. App. P. 24(b). This Court has held that because it is during the guilty plea hearing that the State is allowed the opportunity to present the facts underlying the offense, "a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed." State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). Failure to insure that the record before this Court conveys a fair, accurate, and complete account of what transpired in the court below concerning sentencing issues results in a waiver of such issues and a presumption

-3-

that the trial court's sentencing determinations are correct. State v. Robinson, 73 S.W.3d 136, 154 (Tenn. Crim. App. 2001). In any event, the record before us supports the trial court's sentencing determinations.

## A. Lengths of Sentences

Because the Defendant was convicted of three Class C felonies, the range of punishment is three to six years for each conviction. See Tenn. Code Ann. § 40-35-112(a)(3). In this case, although not specifically citing the statute, the trial court found the following enhancement factor applicable: "[T]he defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Id. § 40-35-114(1). The evidence presented at the sentencing hearing clearly supports this finding by the trial court. In addition to the Defendant's prior convictions, the Defendant admitted that he had an extensive history of illegal drug use and that he had worked as a salesman in the "meth industry" in Kansas City for a period of approximately two years. This evidence clearly supports the trial court's finding that the Defendant has a previous history of criminal convictions and criminal behavior in addition to those necessary to establish the appropriate range.

The Defendant argues that the trial court erred by failing to consider as a mitigating factor that his criminal conduct neither caused nor threatened serious bodily injury. See id. § 40-35-113(1). The record before us does not indicate that the trial court specifically considered this mitigating factor. However, at the sentencing hearing, the trial court commented that the Defendant "grew up under difficult circumstances and . . . was aided and abetted by a mother and daddy who ought to be serving time." The trial court also noted that the Defendant is "well-read" and "intelligent." In addition, the trial court found that the Defendant was "respectful, and as you say, he's willing to admit what he did, willing to pay the price . . . ." The trial court considered this mitigating evidence, along with the other evidence presented at the sentencing hearing, in imposing a sentence of five years for each count. The sentence imposed for each count is two years more than the minimum but one year less than the maximum sentence available. In determining the appropriate sentences, the trial court obviously placed great weight on the Defendant's lengthy history of drug abuse and his activities in the illicit drug "industry." We cannot conclude from the record that the trial court's failure to consider Tennessee Code Annotated § 40-35-113(1) affected the lengths or manner of service of the sentences imposed.

## B. Manner of Service of Sentences

Concerning the manner of service of the sentences, we note that Tennessee Code Annotated § 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a). The Defendant, as a standard offender convicted of a Class C felony, see Tenn. Code Ann. § 39-13-102(d), is presumed to be a favorable candidate for alternative sentencing.

However, all offenders who meet the criteria are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing Moss, 727 S.W.2d at 235). Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated § 40-35-103(5), which states, in pertinent part, "The potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5); see also State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).

The trial court determined that the Defendant is a professional criminal who has devoted his life to "that kind of activity" (referring to the Defendant's involvement with illegal drugs). The trial court also determined that the Defendant is an offender whose criminal record is extensive. The record supports these determinations by the trial court, which are more than sufficient to rebut any presumptions favoring alternative sentencing.

### C. Consecutive Sentencing

Finally, the Defendant challenges the imposition of consecutive sentences. A court may order multiple sentences to run consecutively if it finds by a preponderance of the evidence that the defendant fits into one of the categories established in the statute. Tenn. Code Ann. § 40-35-115(b). It is within the sound discretion of the trial court whether multiple sentences should be served consecutively or concurrently. State v. James, 688 S.W.2d, 463, 465 (Tenn. Crim. App. 1984).

In this case, the trial court found that consecutive sentences were warranted because the Defendant is a professional criminal who has knowingly devoted his life to criminal acts as a major source of livelihood and because the Defendant is an offender whose record of criminal activity is extensive. <u>See</u> Tenn. Code Ann. § 40-35-115(b)(1),(2). The evidence presented at the sentencing hearing in this case supports these determinations by the trial court. The Defendant admitted that he has a lengthy history of drug abuse dating to his childhood and continuing throughout most of his adult life; that the crimes for which he was being sentenced occurred while he was on bond pending disposition of other felony drug charges; and that he knew how to manufacture methamphetamine and had supported his drug habit by working in the "meth industry" selling "meth." Because the evidence preponderates in favor of the trial court's findings that the Defendant is a professional criminal and an offender whose record of criminal activity is extensive, the trial court properly imposed consecutive sentences.

Accordingly, the judgments of the trial court are AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE