# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
January 14, 2003 Session

## STATE OF TENNESSEE v. DAVID D. HARRIS

**Appeal from the Criminal Court for Davidson County**
**No. 98-A-814   Seth Norman, Judge**

**No. M2002-00382-CCA-R3-CD - Filed August 26, 2003**

The Defendant, David D. Harris, pled guilty to seven counts of aggravated robbery, a Class B felony, in the Davidson County Criminal Court on June 16, 1999.  The trial court sentenced the Defendant to three eight-year sentences, to be served consecutively.  The trial court suspended the sentences and ordered the Defendant to serve three consecutive eight-year terms on supervised probation.  The State appealed, and this Court reversed the portion of the sentence that ordered the Defendant to serve twenty-four years of probation on the three consecutive eight-year sentences, holding that a probationary sentence for aggravated robbery is contrary to Tennessee Code Annotated section 40-35-303(a).  Accordingly, we reversed the trial court's judgment and remanded the case for re-sentencing.  Upon re-sentencing, the trial court sentenced the Defendant to three eight-year prison terms and ordered that the sentences run consecutive to each other and consecutive to a sentence that the Defendant is currently serving in Williamson County.  The Defendant appealed the trial court's re-sentencing order and raises the following issues: (1) whether the trial court erroneously denied  his request for a new sentencing hearing and; (2) whether the trial court erroneously denied the Defendant's request, pursuant to Tennessee Rule of Criminal Procedure 35, for a reduced sentence.  After a through examination of the record, we conclude that the trial court did not err when it denied the Defendant's request for a new sentencing hearing; however, because we conclude that the trial court erroneously believed that it was without the authority to impose concurrent sentences, we reverse and remand for it to determine whether the three sentences should run consecutively or concurrently.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Jefre S. Goldtrap, Nashville Tennessee (on appeal) and Lionel Barrett, Nashville, Tennessee (at trial) for the Appellant, David D. Harris.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Christine M. Lapps, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Charles

R. Carpenter and Jon Seaborg, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION
## I. Factual Background

In October and November of 1997, the Defendant, David D. Harris, committed several robberies at various commercial establishments in Williamson County and the Nashville metropolitan area. The Defendant pled guilty to seven counts of aggravated robbery in Davidson County with the trial court to sentence him following a sentencing hearing. Prior to his sentencing hearing in Davidson County, the Defendant was serving two consecutive ten-year sentences for similar convictions in Williamson County.

At the Defendant's Davidson County sentencing hearing, the trial court determined that no enhancement or mitigating factors applied and that the appropriate sentence was within the eight to twelve year statutory sentencing range pursuant to Tennessee Code Annotated section 39-13-402. The trial judge sentenced the Defendant to eight years for each of the seven counts of aggravated robbery. On four of the seven counts, the trial court ordered that the Defendant's sentences be served in prison and run concurrently with each other and concurrently with the twenty-year sentence in Williamson County. The trial court then ordered that the remaining three counts be served consecutively, finding that the Defendant was an offender whose record of criminal activity was extensive. See Tenn. Code Ann. § 40-35-115 (b)(2). Thereafter, the trial court suspended the three consecutive eight-year sentences and ordered the Defendant to serve three consecutive eight-year terms on supervised probation. In so doing, the trial court stated: "I'm not adding any time to Mr. Harris' present [twenty-year] sentence."

The State appealed, and this Court reversed the portion of the trial court's judgment that ordered the Defendant to serve twenty-four years of probation on the three consecutive eight-year terms. State v. David D. Harris, No. M1999-02469-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 758, at *2 (Tenn. Crim. App. Sept. 19, 2001). We held that a probationary sentence for aggravated robbery is contrary to Tennessee Code Annotated section 40-35-303(a). Id. Accordingly, the judgment of the trial court was reversed and remanded for re-sentencing.

On remand, the trial court denied the Defendant's request for a new sentencing hearing and, thereafter, entered an amended judgment that ordered the Defendant to serve three consecutive eight-year prison terms for the previously-suspended sentences, resulting in an effective twenty-four year prison term. The trial court also ordered that the sentences run consecutively to the Defendant's Williamson County sentence. The Defendant filed a timely application for a reduced sentence pursuant to Tennessee Rule of Criminal Procedure 35(b), which the trial court denied.

In this second appeal, the Defendant contends that the trial court erred when it denied his request for a new sentencing hearing. Further, the Defendant contends that the trial court erroneously denied the Defendant's request for a reduced sentence.

-2-

## II. Analysis
## A. Motion for a New Sentencing Hearing

The Defendant contends that the trial court erred when it denied him a new sentencing hearing upon remand. At the Defendant's initial sentencing hearing, the trial judge conducted a lengthy inquiry, hearing testimony from the Defendant and a number of character witnesses. The trial court also heard arguments from both parties prior to sentencing the Defendant. We find no reason that the trial court should have conducted a second sentencing hearing upon remand. Furthermore, we note that when we remanded this case to the trial court, we did not order the trial court to conduct a new sentencing hearing, but rather, merely remanded for "proceedings consistent with [our] opinion." David D. Harris, 2001 Tenn. Crim. App. LEXIS 758, at *2. Therefore, we conclude that the trial court did not abuse its discretion by denying the Defendant's request for a new sentencing hearing upon remand.

## B. Denial of Motion for Reduction of Sentence

The Defendant also alleges that the trial court erred when it denied his Motion For a Reduced Sentence, which he filed pursuant to Rule 35(b) of the Tennessee Rules of Criminal Procedure states. Rule 35(b) states:

> The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

The purpose of Rule 35 is to authorize a trial judge "to reconsider a previously-imposed sentence and reduce it if such a reduction is in the interest of justice." State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993); see also State v. Hodges, 815 S.W.2d 151, 154 (Tenn. 1991). We review the trial court's disposition of a motion to modify or reduce a sentence pursuant to an abuse of discretion standard. Irick, 861 S.W.2d at 376.

In the case under submission, the trial court did not abuse its discretion in denying the Defendant's Motion for Reduced Sentence if it determined that the motion was based upon the length of each sentence imposed for his aggravated robbery convictions. The Defendant pled guilty to aggravated robbery, which is a Class B felony. Tenn. Code Ann. § 39-13-402. As a range one standard offender, the statutory range of punishment is eight to twelve years. The presumptive sentence to be imposed by the trial court for a Class B felony is the minimum within the applicable range unless there are enhancing or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). The trial court determined, after hearing evidence presented at the Defendant's sentencing hearing, that there were no applicable enhancing or mitigating factors.

The record indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts and, therefore, its findings regarding this manner are entitled to a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). The Defendant does not present, and we do not see, any reason to disturb the trial court's findings regarding the lack of enhancement or mitigation factors on appeal. Hence, the trial judge did not err when it sentenced the Defendant to the minimum sentence within the applicable range for each of the three counts of aggravated robbery.

The Defendant asserts that the trial court erred in denying his Motion for Reduced Sentence based upon the trial court's imposition of consecutive sentences. It is within the sound discretion of the trial court to determine whether an offender should be sentenced consecutively or concurrently. State v. James, 688 S.W.2d 463, 465 (Tenn. Crim. App. 1984). A court may order multiple sentences to run consecutively if it finds by a preponderance of the evidence that any one of the following factors applies:

(1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
(2) The defendant is an offender whose record of criminal activity is extensive;
(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of the defendant's undetected sexual activity; the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
(6) The defendant is sentenced for an offense committed while on probation; or
(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b)(1)-(7). If the trial court finds that one of these factors exist, it may, but is not required to, impose a consecutive sentence. The Sentencing Commission Comments to Tennessee Code Annotated section 40-35-115 note that:

"This statute is essentially a codification of two Tennessee supreme court cases dealing with concurrent and consecutive sentencing: *Gray v. State*, 538 S.W.2d 391 (Tenn. 1976) and *State v. Taylor*, 739 S.W.2d 227 (Tenn. 1987). In *Taylor*, the court held that consecutive sentences should not routinely be imposed in criminal cases and the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved. *While this section*

-4-

*permits consecutive sentencing, the trial judge has other available options . . . .* However, where appropriate, consecutive sentences are authorized in the discretion of the court if the court finds one or more of the criteria as set forth in subsection (b). . . ."

State v. Wilkerson, 905 S.W.2d 933, 936 (Tenn. 1995) (quoting Tenn. Code. Ann. § 40-35-115 Sentencing Commission Comments (1990)) (emphasis added).

It is apparent to us from the record that the trial court felt bound to order the Defendant's sentences to run consecutively. At the close of the sentencing hearing, the trial court found that the Defendant had an extensive record of criminal activity pursuant to Tennessee Code Annotated section 40-35-115(b)(2). The record supports this finding by the trial court, but the trial court is not bound by this finding to order that the sentences run consecutively. That is a decision still within its discretion.

In denying the Motion For a Reduced Sentence, the following exchange occurred between the trial court and defense counsel regarding the motion:

> THE COURT: It's not that I don't agree and that I'm trying to punish Mr. Harris further. I thought I showed when I entered my original judgment that I had trusted Mr. Harris.
> [DEFENSE COUNSEL]: Yes, you did.
> THE COURT: And I have not changed my position there. My dilemma is what I can do. That's my whole dilemma and that was my dilemma last week. I believe the man is entitled to credit for what he has done, but I don't think I have authority to do it.
> [DEFENSE COUNSEL]: Could the Court have originally imposed a sentence that would have been concurrent, all concurrent with the 20 or any combination of –
> THE COURT: If you look at the factors that I enhanced on, the statute says if I find those, I'm to run them consecutive. That's what the statute says.
> [DEFENSE COUNSEL]: And you chose to run three of those consecutive.
> THE COURT: And that's what I'm required to do under the enhancement and multiple sentence section. So I'm in a real dilemma. And I don't mind telling you that.

Furthermore, the trial court indicated that, given the choice, he would not have sentenced the Defendant to incarceration in addition to his existing Williamson County sentence, stating: "I personally think that Mr. Harris is entitled to some reward, I guess I'm going to say for the way he has conducted himself since he got in all this trouble. But I still have a problem with what I am able to do. Just like I told you last week."

As stated earlier, it is within the sound discretion of the trial court whether to sentence a defendant to consecutive or concurrent prison terms. James, 688 S.W.2d at 465. Because the trial court, upon remand, clearly felt bound to sentence the Defendant to three eight-year

consecutive prison sentences, and because we have clarified our previous holding, we remand this case to the trial court. The court may, on this remand, sentence the Defendant to three concurrent eight-year terms, three consecutive eight-year terms, or a combination of concurrent and consecutive sentences, and those sentences may, in the trial court's discretion, run concurrently or consecutively with the Defendant's Williamson County sentence.

### III. Conclusion

We conclude that the trial court did not err in denying the Defendant's request for a new sentencing hearing after this case was remanded for re-sentencing by this Court. However, because we conclude that the trial court sentenced the defendant to three consecutive sentences under the mistaken belief that consecutive sentences were mandated by law, we REVERSE and REMAND this case for further proceedings consistent with this opinion.

_____

ROBERT W. WEDEMEYER, JUDGE