IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2009

## STATE OF TENNESSEE v. DAVID ANDREW CAMPBELL

**Direct Appeal from the Circuit Court for Marshall County**
**Nos. 2008-CR-87-94      Robert Crigler, Judge**

---

**No. M2008-02818-CCA-R3-CD - Filed December 9, 2009**

---

The Defendant, David Andrew Campbell, pled guilty in eight cases, which were consolidated for this appeal, to one count of aggravated burglary, a Class C felony; five counts of theft under $1000, a Class D felony; ten counts of automobile burglary, a Class E felony; and fourteen counts of theft under $500, a Class A misdemeanor. The trial court ordered the Defendant to serve an effective sentence of eighteen years in the Tennessee Department of Correction. The Defendant appeals, contending the trial court erred in setting the length and alignment of his sentences. After a thorough review of the record and relevant authorities, we conclude the trial court properly sentenced the Defendant. As such, we affirm the sentences imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and DAVID H. WELLES, JJ., joined.

Michael J. Collins (at trial and on appeal), Shelbyville, Tennessee, and William Harold (at trial), Shelbyville, Tennessee, for the Appellant, David Andrew Campbell.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Melissa Roberge, Assistant Attorney General; Charles Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Facts & Sentencing

This case arises from the Defendant's commission of a string of theft-based crimes in

Marshall County over a two-week period in May and June of 2008. As a result of the Defendant's conduct, a Marshall County grand jury indicted the Defendant in eight separate indictments, each of which charged the Defendant with multiple crimes. The Defendant pled guilty to one count of aggravated burglary, five counts of theft under $1000, ten counts of automobile burglary, and fourteen counts of theft under $500.

According to the Defendant's presentence report, the Defendant began experimenting with drugs when he was sixteen years old and continued to use drugs, including marijuana, Xanax, and crack cocaine, throughout his teens and twenties. The Defendant dropped out of high school in the ninth grade but completed his G.E.D. The officer who prepared the presentence report was not able to verify that the Defendant completed his G.E.D.

The presentence report reveals that since at least 2005 the Defendant has only sporadically held a job, never working for the same employer for over a year. The Defendant worked at Campbell's Roofing and Home Improvement for one year but resigned in order to serve a jail sentence unrelated to this case. The Defendant then worked at a Hardee's but quit five months later. He then worked at a Kentucky Fried Chicken but resigned a year later, in January 2008, to work at Cosmolab. Cosmolab fired the Defendant within four days. The Defendant did not work between his 2008 termination by Cosmolab and his commission of the crimes in this case.

The Defendant has several previous felony and misdemeanor convictions, including two counts of auto burglary, at least five counts of theft under $500, at least five counts of driving on a suspended or revoked license, one count of possession of a Schedule III drug, one count of violating the Tennessee Solid Waste Disposal Act, and one count of escape from a work house. Additionally, the Defendant testified at his sentencing hearing that the two-week period in which the crimes in this case occurred was actually part of a six-week period during which he broke into approximately fifteen to twenty vehicles each week. The Defendant also admitted to having extensively used illegal drugs in the weeks leading up to his arrest.

According to the presentence report, the Defendant has violated the terms of alternative release sentences numerous times and has failed to appear in court on criminal charges. Between 2002 and 2007, the Defendant violated the terms of various probated sentences he received for his above-listed convictions on at least six occasions. The report lists at least two occasions on which the Defendant failed to appear in criminal court.

The presentence report contained a victim impact statement from the Defendant's step-mother, Emily Campbell. Campbell explained that the Defendant was not allowed in the home she shared with the Defendant's father unless his father was present. She recalled that, at 12:30 a.m. on June 5, 2008, her dog's bark woke her up. When she arose to see what had alarmed the dog, she found her step-son, the Defendant, standing inside the house near the back door. She reminded the

Defendant that he was not allowed in the house when his father was not present, but the Defendant asked to stay the night because his girlfriend had kicked him out of the home they shared. Campbell acquiesced, but she only allowed him to sleep in the garage, and she locked the door separating the garage from the rest of the home. Soon thereafter, Campbell realized that the Defendant had managed to steal $400 from her purse before she let him into the garage.

At the conclusion of the sentencing hearing, the trial court applied the two following enhancement factors to all of the Defendant's convictions in this case: enhancement factor (1), that the Defendant had a history of criminal conduct; and enhancement factor (8), that the Defendant has failed to comply with conditions of sentences involving release in the community in the past. Additionally, the trial court applied enhancement factor (3), that the offense involved more than one victim, to one of the Defendant's auto burglary convictions in Case 2008-CR-87, and it applied enhancement factor (14), that the Defendant abused a position of private trust, to the Defendant's aggravated robbery and theft under $500 convictions in Case 2008-CR-94. The trial court found that the following two mitigating factors applied to all of the Defendant's convictions in this case: mitigating factor (1), that the offenses did not create a risk of serious bodily harm to the victims; and mitigating factor (13), a catch-all provision, which the trial court used to find that the Defendant's cooperation in pleading guilty mitigated his punishment. Finally, the trial court found that consecutive sentencing factor (1), that the Defendant had an extensive criminal history, applied to all of the Defendant's convictions, and he ordered partial consecutive sentencing, for a total effective sentence of eighteen years in the Tennessee Department of Correction.

Below we set out the specific conduct that underlies each case, the guilty pleas the Defendant entered in each case, and the sentence the Defendant received in each case after the trial court applied the above-described enhancement, mitigating, and consecutive sentencing factors.

**Cases 2008-CR-87 & 2008-CR-88: Three-year Sentence**. On May 15, 2008, the Defendant broke into a Ford truck and a Toyota, which belonged to Ben and Steve Hazard. The Defendant stole an iPod, a wedding ring, a watch, sunglasses, and a Gameboy from the truck. The value of the property stolen from the truck was between $1000 and $10,000. Based on these events, the Defendant pled guilty in Case 2008-CR-87 to two counts of auto burglary and one count of theft between $1000 and $10,000. The Defendant received an effective sentence of three years in Case 2008-CR-87.

Later the same day, the Defendant also broke into a GMC Envoy and another Ford truck, stealing change and an iPod. Based on these events, the Defendant pled guilty in case 2008-CR-88 to two counts of auto burglary and five counts of theft under $500. The trial court merged two of the theft under $500 convictions with the remaining three theft under $500 convictions. The court imposed an effective sentence of eighteen months in case 2008-CR-88 and ordered the sentence to be served concurrently with the sentence in case 2008-CR-87, for an effective total sentence of three years.

3

**Case 2008-CR-89: Two-year Sentence.** On May 20, 2008, the Defendant broke into a Chrysler and stole an MP3 player and an iPod. On this day the Defendant also broke into a Mazda, taking property valued at less than $500. Based on this conduct, the Defendant pled guilty in case 2008-CR-89 to two counts of auto burglary and two counts of theft under $500. The trial court merged one of the theft under $500 convictions with the remaining theft under $500 conviction. The court imposed an effective sentence of two years in this case and ordered it to be served consecutively to the effective three-year sentence in cases 2008-CR-87 and 2008-CR-88.

**Cases 2008-CR-90 & 2008-CR-91: Three-year Sentence.** On May 21, 2008, the Defendant broke into a Toyota, stealing property valued at more than $1000. Based on this conduct, the Defendant pled guilty in case 2009-CR-90 to one count of auto burglary and two counts of theft between $1000 and $10,000. The trial court merged one of the theft convictions with the remaining theft conviction and imposed an effective three-year sentence.

Also on May 21, 2008, the Defendant broke into another Toyota from which he stole $20. Based on this conduct, the Defendant pled guilty in case 2008-CR-91 to one count of auto burglary and two counts of theft under $500. The trial court merged one of the theft convictions with the other and imposed an effective two-year sentence. The Court ordered the sentences in cases 2008-CR-90 and 2008-CR-91 to be served concurrently to each other for an effective sentence of three years. The trial court ordered this three-year sentence in cases 2008-CR-90 and 2008-CR-91 to be served consecutively to the sentences for the remaining six cases consolidated in this appeal.

**Cases 2008-CR-92 & 2008-CR-93: Four-year Sentence**. On June 3, 2008, the Defendant took a bicycle from a residence. Based on this conduct, the Defendant pled guilty in case 2008-CR-92 to two counts of theft under $500. The trial court merged the two theft under $500 convictions and imposed a sentence of eleven months and twenty-nine days.

The following day the Defendant stole a Mercury Mountaineer. From the Mountaineer the Defendant stole a tool set, a power converter, two car seats, spare keys, a phone charger, a watch, sunglasses, a calculator, and money. The Defendant pled guilty in case 2008-CR-93 to two counts of theft between $1000 and $10,000, one count of auto burglary, and two counts of theft under $500. The trial court merged the two theft between $1000 and $10,000 as well as the two theft under $500 convictions. The Court imposed an effective sentence of four-years in case 2008-CR-93, which it ordered to be served concurrently to the sentence in case 2008-CR-93 but consecutively to the remaining six cases consolidated in this appeal.

**Case 2008-CR-94: Six-year Sentence.** On June 5, 2008, the Defendant broke into his father and stepmother's home, stealing $400. Based on this conduct, the Defendant pled guilty in case 2008-CR-94 to one count of aggravated burglary and two counts of theft under $500. The trial court merged the two theft under $500 convictions. The trial court imposed a six-year sentence in this

case, which it ordered to be served consecutively to the remaining six cases consolidated in this appeal.

In total, the trial court imposed a total effective sentence of eighteen years for the Defendant's convictions in cases 2008-CR-87 through 2008-CR-94. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant contends the trial court erred in setting the length and alignment of his sentences. He does not object to the trial court's application of enhancement and mitigating factors. Instead, he argues: (1) that his sentence is excessive; and (2) that the trial court's imposition of consecutive sentencing resulted in a sentence that was greater than that deserved for the offenses committed.

## A. Length of Sentence

The Defendant objects to the length of his sentence, arguing that the trial court's weighing of enhancement and mitigating factors did not comply with the purposes and principles of the Sentencing Act because the totality of the circumstances of his crimes did not justify his sentence. He also argues that the scarcity of prison resources in Tennessee required a reduced sentence in his case. The State first notes that the trial court erred when it applied enhancement factor (14) to case 2008-CR-94 because the Defendant did not actually use the position of trust he shared with his father and stepmother when he burglarized their home. The State contends, however, that upon de novo review this Court should affirm the Defendant's eighteen-year sentence based upon the remaining applicable enhancement factors and sentencing principles.

When a defendant challenges the length, range, or manner of service of a sentence, this Court must conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2006). This presumption, however, is conditioned upon the affirmative showing in the record that the trial court properly sentenced the defendant. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). As the Sentencing Commission Comments to this section note, the burden is on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. If the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record, and gave due consideration and proper weight to the factors and principles relevant to sentencing under the 1989 Sentencing Act, T.C.A. § 40-35-103 (2006), we may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a

defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

As we will explain in detail below, we conclude that the trial court wrongly applied one enhancement factor. As such, we review the Defendant's sentence de novo with no presumption of correctness. *See Ashby*, 823 S.W.2d at 169.

The Criminal Sentencing Act of 1989 and its amendments describe the process for determining the appropriate length of a defendant's sentence. Under the Act, a trial court may impose a sentence within the applicable range as long as the imposed sentence is consistent with the Act's purposes and principles. T.C.A. § 40-35-210(c)(2) and (d) (2006); *see State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). The Tennessee Code allows a sentencing court to consider the following enhancement factors, among others, when determining whether to enhance a defendant's sentence:

> (1) The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range;
>
> . . .
>
> (3) The offense involved more than one (1) victim;
>
> . . .
>
> (8) The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community;
>
> . . .
>
> (14) The defendant abused a position of public or private trust, or used a professional license in a manner that significantly facilitated the commission or the fulfillment of the offense .
> . . .

T.C.A. § 40-35-114(1), (3), (8), (14) (2006). If an enhancement factor is not already an essential element of the offense and is appropriate for the offense, then a court may consider the enhancement factor in its length of sentence determination. T.C.A. § 40-35-114 (2006). In order to ensure "fair and consistent sentencing," the trial court must "place on the record" what, if any, enhancement and mitigating factors it considered as well as its "reasons for the sentence." T.C.A. § 40-35-210(e) (2006). Before the 2005 amendments to the Sentencing Act, both the State and a defendant could appeal the manner in which a trial court weighed enhancement and mitigating factors it found to apply to the defendant. T.C.A. § 40-35-401(b)(2) (2003). The 2005 amendments deleted as grounds

for appeal, however, a claim that the trial court did not properly weigh the enhancement and mitigating factors. *See* 2005 Tenn. Pub. Acts ch. 353, §§ 8, 9. In summary, although this Court cannot review a trial court's weighing of enhancement factors, we can review the trial court's application of those enhancement factors. T.C.A. § 40-35-401(d) (2006); *Carter*, 254 S.W.3d at 343.

The Defendant is a Range I offender, and aggravated burglary is a Class C felony. T.C.A. § 39-14-403 (2006). Therefore, the appropriate range for the Defendant's aggravated burglary conviction is three to six years. T.C.A. § 40-35-112(a)(2) (2006). Theft under $1000 is a Class D felony; therefore, the appropriate range for each of the Defendant's five theft under $1000 convictions is two to four years. Automobile burglary is a Class E felony; therefore, the appropriate range for each of his ten automobile burglary convictions is one to two years. Theft under $500 is a Class A misdemeanor; therefore, the maximum sentence for each of the Defendant's fourteen theft under $500 convictions is eleven months and twenty-nine days.

The trial court applied enhancement factors (1) and (8) to each of the Defendant's convictions, but it applied enhancement factor (3) only to the Defendant's automobile burglary conviction in case 2008-CR-87 and enhancement factor (14) only to the Defendant's convictions in Case 2008-CR-94, which included aggravated burglary and theft under $500. The trial court found that mitigating factors (1) and (13) applied to each of the Defendant's convictions.

In setting the length of each of the Defendant's sentences, which varied from eleven months and twenty-nine days to six years, the trial court considered the applicable enhancement and mitigating factors, the Defendant's presentence report, principles of sentencing and arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct involved, statistical information about sentencing from the Administrative Office of the Courts, and the Defendant's potential or lack of potential for rehabilitation or treatment.

The Defendant does not object to the trial court's application of enhancement and mitigating factors. Instead, he argues that the Sentencing Act does not support the length of his sentence. The State, however, notes that the trial court misapplied enhancement factor (14) to enhance the Defendant's sentence but argues that the remaining enhancement factors justify the Defendant's sentence upon de novo review.

First, we note that the trial court correctly applied enhancement factors (1) and (8) to each of the Defendant's convictions. The Defendant, who was sentenced as a Range I offender, has two prior felony convictions and at least thirteen misdemeanor convictions. Additionally, his admitted history of drug abuse and repeated, systematic commissions of theft demonstrate that the Defendant has a "previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." *See* T.C.A. § 40-35-114(1). As such, the trial court properly applied enhancement factor (1) to each of the Defendant's convictions. Further, the record reflects

7

that the Defendant has violated his probation at least six times in the past. The record supports the trial court's finding that "before trial or sentencing, the Defendant failed to comply with the conditions of a sentence involving release into the community." *See* T.C.A. § 40-35-114(8). As such, the trial court properly applied enhancement factor (8) to each of the Defendant's convictions.

The trial court similarly did not err when it applied enhancement factor (3) to one of the Defendant's auto burglary convictions in case 2008-CR-87. Factor (3) applies where an offense involves more than one victim, and the record reflects that the Defendant burglarized the vehicle of Ben and Steve Hazard on May 15, 2008. *See* T.C.A. § 40-35-114(3). As such, the Defendant's commission of auto burglary in case 2008-CR-87 involved more than one victim, and the trial court properly applied enhancement factor (3) to enhance his sentence for that conviction.

The final enhancement factor applied by the trial court, however, was in error. Enhancement factor (14) applies where the "abused a position of public or private trust . . . in a manner that significantly facilitated the commission or the fulfillment of the offense." T.C.A. 40-35-114(14). Our Supreme Court has discussed factor (14)'s applicability:

> Application of [this] factor requires a finding, first, that the defendant occupied a position of trust, either public or private. The position of parent, step-parent, babysitter, teacher, coach are but a few obvious examples. The determination of the existence of a position of trust does not depend on the length or formality of the relationship, but upon the nature of the relationship. Thus, the court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability or faith.

*State v. Gutierrez*, 5 S.W.3d 641, 645 (quoting *State v. Kissinger*, 922 S.W.2d 482, 488 (Tenn.1996)).

The record reflects that, prior to the night on which the Defendant stole from his parents, they had already forbidden the Defendant from entering their home when only his step-mother was present. Despite this, at 12:30 a.m. on the night in question, the Defendant let himself into their home when his step-mother was the only person present. Explaining that his girlfriend had just kicked him out of the home they shared, he asked to be allowed to sleep in the garage of his parents' home even though his father was not present. His step-mother agreed, watched him walk into the garage, and locked the door behind him. Later, his step-mother realized that the Defendant had at some point taken $400 from her purse before he went into the garage. We conclude the record preponderates against the trial court's finding that the Defendant abused a position of trust to commit the aggravated burglary and theft under $500 for which he was charged in connection with this incident. Although the Defendant's decision to victimize his own family was callous, no part of the record suggests that the Defendant and his step-mother had a relationship of confidence or reliability, nor does it suggest that he used such a relationship to commit these crimes against his father and

stepmother. *See Gutierrez*, 5 S.W.3d at 645. The record, therefore, preponderates against the trial court's finding that the Defendant abused a position of trust to commit his crimes. We conclude the trial court erred when it applied enhancement factor (14) to the Defendant's convictions for auto burglary and theft under $500 in case 2008-CR-94.

We note that the trial court found that mitigating factors (1) and (13) applied to the Defendant's convictions. Neither party disputes these findings, and the record does not preponderate against them.

In conducting our de novo review of the Defendant's sentence, we consider the same factors that the Tennessee Code instructs a trial court to consider during sentencing: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the offense, (5) any mitigating or enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses; and (7) any statements made by the defendant on his or her own behalf. *See* T.C.A. § 40-35-210 (2006); *State v. Foster*, No. W2007–02636-CCA-R3-CD, 2009 WL 275790, *4 (Tenn. Crim. App., at Jackson, Feb. 3, 2009), *no Tenn. R. App. P. 11 application filed*.

The trial court sentenced the Defendant within the appropriate sentencing range for each of his convictions. Also, notwithstanding the trial court's misapplication of enhancement factor (14) to two of the Defendant's convictions, the trial court properly applied enhancement factors (1), (3), and (8). Also, it applied mitigating factors (1) and (13). In light of the applicable enhancement and mitigating factors and the nature and circumstances of the Defendant's crimes, we conclude the principles of sentencing as well as the evidence adduced at the sentencing hearing indicate the sentences imposed by the trial court for each conviction are proper. Thus, we conclude that no adjustment of any of the Defendant's sentences is necessary. *See* T.C.A. § 40-35-210. Accordingly, the Defendant is not entitled to relief on this issue.

### B. Alignment of Sentences

The Defendant objects to the trial court's consecutive alignment of his sentences, arguing that his resulting sentence was "greater than that deserved for the offense committed." The State responds that the Defendant's extensive criminal history justifies the length of the eighteen-year sentence that resulted from the imposition of consecutive sentencing.

It is within the sound discretion of the trial court whether or not an offender should be sentenced consecutively or concurrently. *State v. James*, 688 S.W.2d 463, 465 (Tenn. Crim. App. 1984). A court may order multiple sentences to run consecutively if it finds, by a preponderance of

the evidence, that at least one of seven listed factors exists. One of these factors, factor (1), applies where "the defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood." T.C.A. § 40-35-115(b)(1) (2006). In addition to these criteria, consecutive sentencing is subject to the general sentencing principle that the length of a sentence should be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved for the offense committed." T.C.A. § 40-35-102(1), 103(2); *see also State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002). Rule 32(c) of the Tennessee Rules of Criminal Procedure instructs a trial court to explicitly recite on the judgment its reasons for imposing a consecutive sentence.

At the conclusion of the Defendant's sentencing hearing, the trial court ordered the Defendant's effective sentences in each case to be served consecutively to each other, which resulted in an eighteen-year sentence. In imposing consecutive sentencing, the trial court found the existence of consecutive sentencing factor (1), that the Defendant had an extensive criminal history, applied to each of the Defendant's convictions. The trial court also found that the eighteen-year sentence was "justly deserved in relation to the seriousness of the offenses" and that it was "no greater than that deserved under the circumstances."

The Defendant has two prior felony convictions and at least thirteen prior misdemeanor convictions. Also, the Defendant admitted that his illicit activity in May and June 2008 was not limited to the crimes underlying this appeal. He said his convictions represented only a fraction of his crimes during a six-week period in which he burglarized fifteen to twenty vehicles per week. The Defendant explained that he lived on what he stole during these thefts and burglaries. Additionally, the Defendant admitted to extensive illicit drug use over the last decade of his life. We conclude the record does not preponderate against the trial court's finding of factor (1), that the Defendant "is a professional criminal who has knowingly devoted [his] life to criminal acts as a major source of livelihood." T.C.A. § 40-35-115(b)(1). Also, given the massive quantity of burglaries the Defendant committed in May and June 2008, we conclude the record does not preponderate against the trial court's finding that an eighteen-year sentence was "justly deserved in relation to the seriousness of the offenses" and "no greater than that deserved." As such, the trial court properly imposed consecutive sentencing, and the Defendant is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that, under de novo review, the eighteen-year sentence imposed is appropriate. Accordingly, we affirm the sentence of eighteen years imposed by the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

10