IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 18, 2012 at Knoxville

## STATE OF TENNESSEE v. JODY LEE LINDSEY

**Direct Appeal from the Circuit Court for Marshall County**
**Nos. 2010-CR-69 & 2010-CR-115     Robert Crigler, Judge**

_____

**No. M2011-02236-CCA-R3-CD - Filed November 9, 2012**

_____

The Defendant, Jody Lee Lindsey, pled guilty to one count of violating the Habitual Motor Vehicle Offender ("HMVO") law, one count of third offense driving on a revoked license, and one count of felony failure to appear. After a sentencing hearing, the trial court found the Defendant to be a Range III offender and merged the driving on a revoked license conviction with the HMVO conviction. It then sentenced the Defendant to five years for both the HMVO conviction and the felony failure to appear conviction. The trial court ordered the sentences to run consecutively based upon the Defendant's extensive criminal history, for an effective sentence of ten years. On appeal, the Defendant argues that: (1) the trial court erred when it imposed consecutive sentences; (2) his convictions were based upon an unlawfully induced guilty plea; (3) the evidence is insufficient to sustain his convictions; and (4) the counsel representing him at the guilty plea hearing and sentencing hearing was ineffective. After a thorough review of the record and the applicable law, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

William C. Barnes, Jr. (at hearings), Columbia, Tennessee, and Jody Lee Lindsey (on appeal), Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Charles F. Crawford, Jr., District Attorney General; Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

1

# OPINION

## I. Facts

A Marshall County grand jury indicted the Defendant for one count of violating the HMVO law, one count of third offense driving on a revoked license, and one count of felony failure to appear. A transcript of the guilty plea hearing is not included in the record on appeal. The presentence report, included as an exhibit at the sentencing hearing, provides an "official version" of the events culminating in the Defendant's arrest. It states that on December 26, 2009, the Defendant was stopped for driving 45 miles per hour in a 30-mile per hour zone. After stopping the Defendant, officers learned that the Defendant had been declared a habitual motor vehicle offender and that his drivers license had been revoked for driving while intoxicated. The grand jury indicted the Defendant on charges of violating the HMVO law and driving on a revoked license.

The presentence report further states that the Defendant failed to appear before the Marshall County Circuit Court on July 7, 2010. On August 18, 2010, the grand jury indicted the Defendant for felony failure to appear.

The Defendant appeared before the trial court on July 8, 2011, and entered a guilty plea as charged. On September 14, 2011, the trial court held a sentencing hearing, during which the parties entered the following evidence: Crystal Gray testified that she prepared the presentence report in this case. She said that the State had filed a notice that the Defendant qualified as a Range III offender. She identified documents showing that the Defendant had been convicted of five prior felony offenses, including aggravated sexual battery and a Mississippi conviction for leaving the scene of an accident that resulted in death.

Gray testified that the Defendant was forty-seven years old at the time he gave her a statement about the incident leading to his arrest. The Defendant told her that he had been released from prison in October 2009 and that he was arrested in this case on December 26, 2009. The Defendant told her that he "was told that he had a suspended driver's license and that he needed $1,200 in order to get [it] back." He claimed that he did not know he was still designated as an HMVO. The Defendant told her that he was on his way to the grocery store at the time of his arrest and that, as soon as he made bond, he hired an attorney to reinstate his drivers license privilege. That, however, was never done. The Defendant told her that, had he known he was still designated as an HMVO, he would never have driven.

The Defendant told Gray that he had glaucoma and that, if he went to prison, he would be unable to protect himself in a fight. He did not, however, explain why he was driving with impaired eyesight.

Gray testified that, since his arrest in this case, the Defendant had been charged with another offense. She explained that the Defendant failed to inform the Marshall County jail that he was a sex offender, which resulted in a charge for violating the sex offender registry. This charge was then reduced to attempted violation of the sex offender registry, a crime for which the Defendant received a 90-day sentence.

Gray testified that on March 14, 2011, the Defendant was again charged with violating the sex offender registry and that, on April 4, 2000, he was charged with domestic violence. Gray also identified the Defendant's previous convictions for driving under the influence, driving on a suspended license, and for violating his probation on multiple occasions.

Gray said the Defendant reported that he was homeless and that he was self-employed, remodeling houses. The Defendant said that he made $600 per week, but maintained that he was homeless.

During cross-examination, Gray said that the Defendant was still on probation in Montgomery County at the time of the sentencing hearing.

Based upon this evidence, the trial court stated that the parties agreed that the Defendant's previous convictions established that he was a Range III, persistent offender. The trial court reviewed the Defendant's previous criminal history and noted that it supported this agreement. The trial court merged the Defendant's conviction for driving on a revoked license with his conviction for violating the HMVO law. It then noted that several enhancing factors applied. First, that the Defendant had a previous history of criminal convictions and criminal behavior in addition to those necessary to establish his range. *See* T.C.A. § 40-35-114(1) (2010). Further, the trial court found that the Defendant, before sentencing, failed to comply with the conditions of a sentence involving release into the community. *See* T.C.A. § 40-35-114(8). The trial court also applied two mitigating factors, first that the Defendant's actions did not cause or threaten serious bodily injury and also, under the "catch-all" provision, that he expressed some remorse. *See* T.C.A. § 40-35-113 (4), (13) (2010). The trial court set the Defendant's sentence at five years for his convictions for violating the HMVO and for felony failure to appear.

The trial court denied the Defendant an alternative sentence based upon the need to protect society by restraining the Defendant, who had a long history of criminal conduct, and also because measures less restrictive than confinement had been applied unsuccessfully to

the Defendant. The trial court ordered that the Defendant's sentences run consecutively because the Defendant was an offender whose record of criminal activity was extensive. The trial court further found that the Defendant's ten-year sentence was justly deserved in relation to his offense.

## II. Analysis

On appeal, the Defendant claims that the trial court erred when it imposed consecutive sentences. He further asserts that his convictions were based upon an unlawfully induced guilty plea, that the evidence is insufficient to sustain his convictions, and that the counsel representing him at the guilty plea hearing and sentencing hearing was ineffective. The State responds that the Defendant has waived review of these claims by failing to include the guilty plea submission hearing transcript in the appellate record. Alternatively, the State asserts that the record supports the trial court's sentencing decisions.

We first address the State's assertion that the Defendant has waived our review for failure to include the guilty plea submission hearing transcript. It is the defendant's duty to compile a complete record for appeal. Tenn. R. App. P. 24(b). In denying a petitioner's claim based upon the absence of the guilty plea hearing transcript in the record, a panel of this Court noted that, in the absence of an adequate record, we will presume the trial court's rulings were supported by sufficient evidence. *See State v. Christine Caudle*, No. M2010-01172-CCA-R3-CD, 2011 WL 6152286, at *4 (Tenn. Crim. App., at Nashville, Dec. 8, 2011), *perm. app. granted* (Tenn. April 12, 2012). Another panel of this Court, however, concluded that, despite the absence of the guilty plea submission hearing transcript, the record was adequate to afford appellate review. *State v. Anna M. Steward*, No. E2010-01918-CCA-R3-CD, 2011 WL 4346659, at *5 (Tenn. Crim. App., at Knoxville, Sept. 19, 2011), *no Tenn. R. App. P. 11 application filed*. Based upon the specific facts of this case, we conclude that, by failing to include the guilty plea hearing transcript, the Defendant has waived our review of the following issues: whether his guilty plea was unlawfully induced; whether the evidence is insufficient to sustain his conviction; and whether his counsel was ineffective. To resolve each of these claims, we must be able to review what occurred during the guilty plea hearing. Without a transcript of such, we are unable to review what statements the Defendant made under oath about whether he understood the nature and effect of his plea, and what evidence was presented to support the Defendant's plea, what actions his counsel took or did not take when representing him. We conclude, however, that sufficient testimony regarding the nature of the Defendant's offenses was adduced at the sentencing hearing and in the presentence report to allow this Court to evaluate the propriety of the trial court's imposition of consecutive sentences.

With regard to consecutive sentencing, the Defendant states, "Although [the Defendant] acknowledges that the trial court made specific findings of the fact, which it asserts justify consecutive sentencing, [the Defendant] asserts, as i[s] his right, that the trial court erred in such a finding." The State responds that the trial court properly imposed consecutive sentencing. We agree with the State.

Appellate review of sentences has been *de novo* with a presumption of correctness. In a recent decision, the Tennessee Supreme Court reviewed changes in sentencing law and the impact on appellate review of sentencing decisions. The Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Susan Renee Bise*, No. E2011-00005-SC-R11-CD, 2012 WL 4380564, at *19 (Tenn. Sept. 29, 2012).

A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

The "presumption of reasonableness" applied to sentences imposed by trial courts "'reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case .'" *Susan Renee Bise*, 2012 WL 4380564, *15 (quoting *Rita v. United States*, 551 U.S. 338, 341 (2007)). A presumption of reasonableness "simply recognizes the real-world circumstance that when the judge's discretionary decision accords with the [Sentencing] Commission's view of the appropriate application of [sentencing purposes] in the mine run of cases, it is probable that the sentence is reasonable." *Rita*, 551 U.S. at 350-51.

Consecutive sentencing is a matter addressed to the sound discretion of the trial court. *State v. James*, 688 S.W.2d 463, 465 (Tenn. Crim. App. 1984). A trial court may order multiple sentences to run consecutively if it finds, by a preponderance of the evidence, that at least one of the seven statutory factors exists. In this case, the trial court found applicable the following factor: (2) The defendant is an offender whose record of criminal activity is extensive . . . ." T.C.A. § 40-35-115(b)(2) (2010). In addition to these criteria, consecutive sentencing is subject to the general sentencing principle that the length of a sentence should be "justly deserved in relation to the seriousness of the offense" and "no greater than that

5

deserved for the offense committed." T.C.A. § 40-35-102(1), -103(2) (2010); *see also State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002).

Here, the trial court made a finding that the State had produced sufficient evidence that "the defendant is an offender whose record of criminal activity is extensive." As the trial court found, the Defendant's record is extensive. The Defendant had been convicted of numerous crimes, as detailed above, including aggravated sexual battery, multiple driving under the influence offenses, leaving the scene of an accident involving a death, violating the sex offender registry, public intoxication, driving on a revoked or suspended license, and violating the HMVO law. Based upon this evidence, the trial court did not err in ordering consecutive sentences. There is ample evidence in the record supporting the factor relied upon by the trial court to order consecutive sentencing in this case. Thus, the Defendant is not entitled to relief.

### III. Conclusion

Based on the above mentioned reasoning and authorities, we affirm the Defendant's sentence.

_____
ROBERT W. WEDEMEYER, JUDGE